### Quincy Gas and Electric Co. v. Estella Clark, Adm'x.

1. Evidence—*Proof of Custom as Bearing on the Question of Negli-
gence.*—Evidence is admissible to show the custom of an electric light
company in regard to the inspection of poles, as bearing on the ques-
tion of negligence of an injured lineman.

2. Same—*That Injured Party Was a Careful Man, When Inadmis-
sible.*—Evidence that an injured party was cautious and careful in the
performance of his duties is not admissible where there is direct
testimony.

Trespass on the Case.—Death by negligent act. Appeal from the
Circuit Court of Adams County; the Hon. Thomas N. Mehan, Judge
presiding. Heard in this court at the November term, 1902. Reversed
and remanded. Opinion filed June 11, 1903.

J. F. Carrott, attorney for appellant.

Wilson & Wall and Frank J. Penick, attorneys for
appellee.

Mr. Justice Harker delivered the opinion of the court.

Appellee brought this action against appellant, an electric
light company in Quincy, Illinois, to recover damages for
wrongfully causing the death of her husband, John Clark,
on October 10, 1899, while he was working in the capacity
of lineman for appellant. At the March term, 1901, of
Adams County Circuit Court, a trial by jury was had, re-
sulting in a verdict for $5,000. A new trial was granted

and at the March term, 1902, appellee again recovered $3,000, and upon judgment being entered for the amount, this appeal was prosecuted.

The declaration contains three counts. The first charges that appellant failed to exercise reasonable care in maintaining the pole, from which deceased fell, in a safe condition for the use of linemen; that said pole had been in use for a long time and had become soft and partially decayed near its top; that such condition was known to appellant; that it was unknown to said Clark and that he had no opportunity for discovering such condition; and that while obeying an order of the appellant and while himself exercising ordinary care, he was injured, etc. The second charges, in addition, the negligent construction and erection of the pole and a failure to exercise reasonable precaution to preserve it from decay. The third count charges appellant with failure to place iron steps on the pole, and that by the absence of the same, deceased had a right to assume that the pole was safe.

Appellee introduced evidence sufficient to sustain the first two counts. It appears that deceased was an experienced lineman, but had worked only eight days for appellant. Appellant was rushed with work on account of a street fair in the city, and deceased was ordered by the assistant foreman to ascend the pole in question and splice wires for a booth near at hand. The pole was thirty-five feet long, six feet in the ground, twelve inches thick at the butt and six inches at the top. It was a white cedar pole, but had been used some time, and on account of its being used as a transformer pole, had been ascended many times by linemen with climbers or gaffs, and the many little holes or cups made thereby in the wood, being filled with rains and dried by the sun again many times, had caused the pole to decay down to about ten feet from the top. Appellee introduced evidence tending to show that this particular pole was cut when full of sap and placed in the ground green, causing it to become soft in spots. When the deceased had arrived some twenty feet up the pole, and while

he was in the act of piercing it with his left gaff, the gaff on his right foot slipped in the wood and he fell to the ground, dashing his head against the pavement. He was instantly killed.

From the evidence, it appears that deceased had kept his eyes directed down to where his gaffs pierced the pole, with his body extended out from the pole, as is the usual custom of linemen.

Appellant produced numerous witnesses to testify that the pole was in good condition at the time of the accident; but there was sufficient evidence for the plaintiff, appellee, to justify the jury in finding that the pole was not in good condition. In the conflict, the jury were better judges as to where the truth lay than we are, and we should allow the verdict and judgment to stand were it not for errors in the admission of improper evidence and the exclusion of proper evidence.

It is assigned for error that the trial court, after permitting appellee, over the objection of appellant, to show by certain witnesses, previously employed by appellant, that their attention had never been called to any orders in respect to any lineman inspecting poles before they climbed them, refused to allow appellant to prove that it was the invariable practice of the appellant, there being no special set of inspectors, that every lineman was expected to and did inspect poles for himself. In view of the fact that the court had already permitted appellee's witnesses to testify in regard to this point, it was error to exclude evidence offered on that same point by the defendant. Upon whom the duty devolved to inspect poles was a material question in the cause, and evidence on this question should have been permitted the defendant, appellant, especially as the court had already extended the privilege to plaintiff, appellee.

Again, the court erred in allowing testimony as to the deceased being a careful man in the performance of his duties. Whether he was a cautious and careful man as lineman, ordinarily, was wholly immaterial. It was opinion

evidence in tending to prove by inference that he was careful on the occasion on which he was killed. It usurps the province of the jury in impliedly answering the very question the jury was called upon to answer. I. C. R. R. Co. v. The People, 143 Ill. 449. Evidence as to the degree of care ordinarily exercised by the person injured in the course of his employment, to show by inference the care he exercised on the particular occasion in question, is never proper except when direct evidence of the injury is not obtainable. City of Salem v. Webster, 192 Ill. 372; C., R. I. & P. Ry. Co. v. Clark, 108 Ill. 117. In this case there were eyewitnesses to the accident, and hence the fact that the deceased was a careful man on other occasions was immaterial. The proof of such fact, however, has the peculiar effect of misleading the jury.

For the errors above stated, the judgment will be reversed and the cause remanded.